NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 25 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HECTOR TORRES,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>AMERICAN WATER WORKS COMPANY, INC.; et al.,<br><br>Defendants-Appellees. | No. 23-15774<br><br>D.C. No.<br>2:20-cv-02241-MCE-JDP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted July 8, 2024[**]
San Francisco, California

Before: FRIEDLAND, MENDOZA, and DESAI, Circuit Judges.

Plaintiff-Appellant Hector Torres appeals from the district court's order

granting summary judgment in favor of Defendants-Appellees California

American Water Company, American Water Works Company, Inc. (together,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"American Water"), and International Union of Operating Engineers, Stationary Local Number 39 (the "Union"). Reviewing the district court's grant of summary judgment de novo, *Johnson v. Barr*, 79 F.4th 996, 999 (9th Cir. 2023), we affirm.

Torres sued American Water—his former employer—and the Union, alleging a hybrid fair representation/§ 301 claim under the Labor Management Relations Act ("LMRA"). Such a claim "formally 'comprises two causes of action': (1) a cause of action against the employer for breach of [a] collective bargaining agreement, and (2) a suit against the [U]nion for breach of the [U]nion's duty of fair representation." *Rollins v. Cmty. Hosp. of San Bernardino*, 839 F.3d 1181, 1185 (9th Cir. 2016) (quoting *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 164 (1983)). To prevail on his hybrid claim, Torres "must show both that (1) [American Water] breached the CBA, and (2) the Union breached its duty of fair representation." *Id.*; *see also Swanigan v. FCA US LLC*, 938 F.3d 779, 784 (6th Cir. 2019) ("[I]f the employee[] cannot satisfy *both* prongs of that test, he 'cannot succeed against any Defendant.'" (quoting *Garrish v. Int'l Union United Auto., Aerospace, & Agric. Implement Workers of Am.*, 417 F.3d 590, 594 (6th Cir. 2005))).

1.      Summary judgment in favor of American Water as to Torres's cause of action for breach of the CBA was proper. Under the federal common law, "[w]hen the meaning of an agreement is ambiguous on its face and contrary

inferences as to intent are possible, . . . [t]he court should look to parol evidence to determine what the parties intended the conflicting provisions to mean." *Int'l Brotherhood of Elec. Workers, AFL-CIO Loc. 47 v. S. Cal. Edison Co.*, 880 F.2d 104, 107 (9th Cir. 1989) (citations omitted). Conversely, if a CBA's terms are unambiguous, we limit our review to the plain terms of the agreement. *Int'l Brotherhood of Teamsters v. NASA Servs., Inc.*, 957 F.3d 1038, 1041 n.1, 1042 n.2 (9th Cir. 2020); *see also Arizona v. Tohono O'odham Nation*, 818 F.3d 549, 560–61 (9th Cir. 2016).

Here, the CBA grants American Water "the exclusive right and power" to "lay-off [or] discharge . . . employees, provided it does not conflict with the provisions of this Agreement." This provision unambiguously grants American Water the exclusive right to discharge Torres. And the CBA does not limit that right by requiring American Water to demonstrate good cause to support a discharge. We therefore reject Torres's invitation to consider extrinsic evidence in construing the terms of the CBA. And because American Water had the right under the CBA to discharge Torres with or without cause, American Water did not breach the CBA when it terminated his employment.[1] Accordingly, we affirm the

---

[1] In addition to his argument that extrinsic evidence established a good cause requirement in the CBA, Torres argued before the district court, though not before us on appeal, that the CBA contains "an implied covenant . . . that protected Torres from discharge without just cause." Torres forfeited any implied covenant

district court's grant of summary judgment in favor of American Water on Torres's cause of action for breach of contract.

2.     Because summary judgment as to breach of contract is dispositive of Torres's entire "hybrid fair representation/§ 301" claim, *Rollins*, 839 F.3d at 1185, we need not, and do not, consider whether the Union was entitled to summary judgment on Torres's cause of action for breach of the duty of fair representation.

**AFFIRMED**.

---

argument by failing to raise it on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).